TOBIAS, J.,
dissents in part and assigns reasons.
Iil respectfully dissent in part. I do not find that the 22 March 2001 judgment of the 14th Judicial District Court appropriately incorporates the stipulation of 19 December 2000 dictated to the court reporter in sufficient detail to make the provisions of the stipulation a final judgment that might be legally capable of being enforced without further action by a court.
In appropriate part, the 22 March 2001 judgment states that:
IT IS FURTHER ORDERED, ADJUDGED and DECREED that the parties have further entered into a stipulation regarding all other incidental matters to the divorce, said stipulation entered in the record of these proceedings shall be put in Judgment form and submitted to the Court for signature. [Emphasis supplied.]
The language clearly reflects that the parties and judge intended that a further written judgment would be drawn that would reflect the agreements contained in the stipulation. Although this could have simply been made a formal judgment by any party to the proceedings by submitting a formal written judgment that made the transcript, a copy of which was attached to the new additional written judgment, the formal judgment of the court, the parties failed to do so. Therefore, the stipulation is merely an enforceable contractual agreement of the parties and nothing more. La. C.C.P. art.1918 requires that a “final judgment shall |2be identified as such by appropriate language.” Such clearly means that a judgment must specifically by its language order a person to do some act or thing. The plaintiff' appellee presents no such judgment to this court that would allow the trial court to make the stipulations dictated to the court reporter in open court respecting support, custody, visitation, et cetera, a final judgment that might be enforced by the procedures of La. C.C.P. arts.2781 and 2782.
Additionally, I do not find that the plaintiff/ appellee can avail herself of the provisions of La. C.C.P. art. 2786, which allows the registration of support orders rendered by a court of this state in another court of this state. La. C.C. P. art. 2785 *47 defines a “support order” for purposes of article 2786 as
a judgment, decree, or order, whether temporary, final, or subject to modification, for the benefit of a child, a spouse, or a former spouse, which provides for monetary support, health care, arrearag-es, or reimbursement, and may include related costs and fees, interest, income withholding, attorney fees, and other relief.
The language clear imports a requirement that the court must decree or order one party to do something to or for another person. The record before us contains no such decree or order, save an order decreeing that the parties are divorced.